**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| HEART 2 HEART FAMILY WORSHIP CENTER, | : CASE NO. 2:23-cv-00471 |
| | : |
| | : DISTRICT JUDGE |
| Plaintiff, | : GREG GERARD GUIDRY |
| | : |
| v. | : MAGISTRATE JUDGE |
| | : JANIS VAN MEERVELD |
| INDEPENDENT SPECIALTY INSURANCE COMPANY, | : |
| | : |
| | : |
| Defendant. | : |
| _____ | : |

## ORDER AND REASONS

The Court has before it Defendant Independent Specialty Insurance Company's ("ISIC")

Motion to Compel Arbitration in the above captioned-matter. R. Doc. 13. Plaintiff Heart 2 Heart

Family Worship Center ("H2H") has responded in opposition, R. Doc. 20, and ISIC has filed a

reply memorandum, R. Doc. 25. Having considered the parties' arguments and the applicable facts

and law, the Court will GRANT ISIC's Motion.

### I.      BACKGROUND

This case arises out of an insurance dispute between H2H and ISIC regarding surplus lines

insurance coverage for damage to a property owned by H2H in August of 2021 during Hurricane

Ida. R. Doc. 1-1 at 2–5. H2H filed suit against ISIC alleging breach of contract and bad faith for

failing to pay the full amount H2H contends it is owed for this damage. *Id.* at 7–8. ISIC now moves

this Court to hold that, under the terms of the arbitration clause in the insurance contract (the

1

"Contract") between the parties, H2H cannot proceed before this Court, but must arbitrate its claims against ISIC. R. Doc. 13.

## II.    LAW AND ANALYSIS

H2H does not contest that the Contract contains an arbitration clause which requires all matters in dispute between the parties in relation to the instant insurance policy to be resolved through arbitration. *See* R. Doc. 13-3 at 1–2. However, H2H argues that such an arbitration clause is prohibited under Louisiana law and is therefore unenforceable. R. Doc. 20 at 4–8. In support of this argument, H2H points to Louisiana Revised Statute 22:868.

In pertinent part, LA R.S. 22:868(A) states that "[n]o insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement . . . [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer." However, LA R.S. 22:868(D) provides an exception to that rule: "The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance."

Under Louisiana law, surplus lines insurance policies, like the instant policy H2H purchased from ISIC, are not subject to the approval of the Louisiana Department of Insurance. *See* LA R.S. 22:446. Thus, the key question before the Court is whether the arbitration clause that ISIC seeks to enforce constitutes a "forum or venue selection clause[.]" If so, the arbitration clause is binding, and H2H must arbitrate its claims against ISIC. If not, the arbitration clause is prohibited by LA R.S. 22:868(D) and cannot be enforced.

The Louisiana Supreme Court has not ruled specifically on whether LA R.S. 22:868(A) prohibits arbitration clauses in surplus lines insurance policies, and there is a split in how Federal district courts sitting in Louisiana have decided this issue. *Compare Next Level Hospitality, LLC v. Independent Specialty Insurance Company*, 2023 WL 2771583 (W.D. La. 3/31/23) (finding arbitration clauses in surplus lines insurance contracts to be prohibited by LA R.S. 22:868(A)); *Fairway Village Condominiums v. Independent Specialty Insurance Company*, 2023 WL 2866944 (E.D. La. 4/10/23) (same) *with Ramsey v. Indep. Specialty Ins. Co.*, 2023 WL 5034646 (E.D. La. Aug. 8, 2023) (finding surplus lines insurance contracts not to be prohibited by LA R.S. 22:868(A)); *Bourgeois v. Indep. Specialty Ins. Co.*, 2023 WL 6644171 (E.D. La. Oct. 12, 2023) (same). However, as recently noted by another section of this Court, "[t]he United States Supreme Court has repeatedly recognized that an arbitration agreement is a *specialized kind of forum-selection clause*[.]" *Bourgeois*, 2023 WL 6644171, at *2 (quoting *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1919, *reh'g denied*, 143 S. Ct. 60 (2022)) (emphasis added and internal quotations removed). The Louisiana Supreme Court has also stated that "[a]n arbitration clause has been characterized by this court as a *type of venue selection clause*." *Donelon v. Shilling*, 2019-00514 (La. 4/27/20), 340 So. 3d 786, 790 n.6 (emphasis added); *see also Hodges v. Reasonover*, 2012-0043 (La. 7/2/12), 103 So. 3d 1069, 1076 (citing approvingly of a Fifth Circuit case describing an arbitration clause as a type of forum selection clause and explaining that "[a]n arbitration clause does not inherently limit or alter either party's substantive rights; it simply provides for an *alternative venue* for the resolution of disputes.") (citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439 (5th Cir. 2008) (emphasis added). Additionally, Louisiana circuit courts have recognized that "[a]n arbitration agreement is a '*kind of forum selection clause.*'" *Stadtlander v. Ryan's Fam. Steakhouses, Inc.*, 794 So. 2d 881, 890, *writ*

*denied*, 794 So. 2d 790 (La. 6/22/01) (quoting *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 (1974)) (emphasis added). Thus, Louisiana law recognizes arbitration clauses as a type of forum selection clause. *See Ramsey*, 2023 WL 5034646, at *4 (holding in an analogous case that it "must treat the arbitration clause as a venue or forum selection clause" based on its review of Louisiana case law); *Bourgeois*, 2023 WL 6644171, at *2 ("[A]pplying these [Louisiana] precedents, the plain language of Section D, which explicitly includes forum selection clauses, also encompasses arbitration clauses.").

Having so concluded, it is a simple matter of statutory application for this Court to decide ISIC's instant motion. Although generally prohibited in Louisiana insurance contracts under LA R.S. 22:868(A), LA R.S. 22:868(D) allows surplus lines insurers to include forum and venue selection clauses in their policies. Louisiana courts explicitly recognize arbitration clauses as a type of forum selection clause. Surplus lines insurers are thus not prohibited from including arbitration clauses in their policies. ISIC is a surplus lines insurer. Therefore, Louisiana law does not prohibit the enforcement of the Contract's arbitration clause: it is binding, and H2H must arbitrate its claims against ISIC. *See Queens Beauty Supply, LLC v. Indep. Specialty Ins. Co.*, No. CV 22-3444, R. Doc. 25 (E.D. La. 10/31/23) (holding same).

## III.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Independent Specialty Insurance Company's Motion to Compel Arbitration, R. Doc. 13, is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending culmination of the parties' arbitration of this

dispute. If necessary, any party may move to reopen this matter within thirty days of the conclusion of arbitration.

New Orleans, Louisiana, this 1st day of November, 2023.

                                                     Greg Gerard Guidry
                                               United States District Judge